The Chancellor.
The object of the bill is for partition. It alleges, also, that some of the defendants have been in possession for a number of years, and prays an account. It is objected that the bill is incongruous, and *99 that a complainant cannot have partition and an account by the same bill. I can see no objection to the bill for the reason alleged. There are numerous authorities for it. I do not know that the matter was ever questioned. In. Tuckfield et ux. v. Buller and son, 1 Dickens 241, the bill alleged that Buller the elder had got into possession of the estate, and cut down timber; the bill, besides praying j>artition, prayed an account, &e. In Wills v. Slade, 6 Ves. 488, the decree was made for an account, and a commission for partition between the plaintiffs and defendants, according to the prayer of the bill. In Turner v. Morgan, 8 Ves. 143, the bill was for partition and account. A question arose as to the mode of taking the account, but no doubt was expressed as to the propriety of the bill. It seems to be in conformity to precedents. Also Agar v. Fairfax, 17 Ves. 533. The complainant may properly include in his bill an account for rent, for timber cut, and for improvements. It has always been the practice, and I know of no authority or good reason to the contrary.
The only serious question involved is, as to the title of the respective parties. The defendants insist that the complainant has no title. Peter G. Obert disclaims, by his answer, any interest. William Simpson claims title to the wdiole property. The other parties to the suit have not answered.
As to the complainant’s title to the one-twentieth, which he claims by descent from his grandfather, I think it is very clear. It has been tried at law, and the character and result of the trial is satisfactory as to the title. It is true it was an ejectment suit, which does not conclude the parties from further investigation. But this court will look at the questions which were really involved in that suit; and if the legal question as to the title, which is raised on this bill, was decided by the court of law, and more especially if the party was, by the judgment and process of the court,-put in possession under his title. *100 what better proof of legal title ought this court to require ? If the title is denied, and there are serious doubts raised, the court will not order the commission, nor will it dismiss the bill; but will retain the bill, and afford the complainant an opportunity to establish his title at law.
Thus, on a bill for writings and a partition, the defendant insisted that the plaintiff had no title, and that there was an-entail subsisting. The court gave plaintiff a year to try his title, and in ejectment he got a verdict. The cause came on upon the equity reserved, and the defendant insisted he ought not to be bound by one trial in a matter of right of inheritance, sed non allocatur being a decree only for partition. The reporter adds, tamen quere (Bliman v. Brown, 2 Vern. 232). But in this case I have no doubt as to the propriety of considering the trial at law satisfactory and conclusive. The title set up by the plaintiff was not questioned. It was the same title alleged in his bill. He claims under George Obert, as one of his heirs at law. The adverse title is under 'the administrator of George Obert, deceased, who sold the land by virtue of an order of the Orphans Court. The only question in the ejectment was as to the validity of the title under the administrator’s deed. The court decided, that if the purchase was made by the administrator, per interposilam personam, it was invalid. The question of fact, viz. whether the purchase was made in fact for the administrator, though in the name of another, was submitted to the jury. The jury found in the affirmative, and judgment was rendered for the plaintiff. He was put in possession, and then filed his bill. His possession under that judgment has never been disturbed. It would be oppressive to compel the complainant to litigate further as to this one-twentieth.
But the complainant claims title to five-twentieths more under the same title, but not as the heir at law of George Obert, deceased. He claims as purchaser under other heirs. Simpson claims the whole premises under the administrator’s deed. The complainant insists that, having *101 been put in possession of the one-twentieth, and being entitled at the time to six-twentieths under the same title, lie then became legally seized according to his title and the extent of his interest. By Ms bill, he alleges he was put in possession of one-twentieth, and does not allege that he has enjoyed an actual possession of any greater interest. But it is not necessary to determine, for the purposes of this suit, what legal protection was afforded to any additional interest the complainant might have had in the premises by his possession of one-twentieth under the ejectment suit.
Ail parties who have any interest in the partition, claim title under George Obert. The complainant purchased five-twentieths under George Obert’s heirs. The validity of this title is not controverted. Simpson claims title to the whole promises, and the foundation of Ms title is the administrator’s deed. The complainant alleges that this deed is fraudulent, because there was actual fraud, and for the reason that while the property was struck off, and the conveyance made to David Smith, the administrator was the real purchaser, and the purchase was for Ms benefit.
Can the court determine this question in this suit? and if it can, how does the administrator’s deed affect the complainant’s title, and what are the equities of the parties ?
It is true this is not the proper tribunal to try the legal title to laud ; and although the court has jurisdiction for the purpose of partition, if the legal title is drawn in question, the court will not determine it. But the court has jurisdiction, and it is its peculiar province to determine questions of fraud, and to set aside fraudulent conveyances interposed to defeat the legal title. The only question involved here is, as to whether the administrator was the real purchaser at the sale. That question determined* the law is plain, and it requires no interposition of a court of law to make its proper application or to determine its effect upon the deed. If the fact is clearly established by the evidence, the court will determine the fact, or in case *102 of difficulty, may refer the question to the proper tribunal for tbe purpose. Tbis is a very different question from one where tbe legal construction of a deed or of a will is involved. In Coxe and others v. Smith and others, 4 J. C. R. 271, wbicb was a bill for partition, tbe Chancellor says, when tbe question arises upon an equitable title set up on tbe part of tbe defendants, tbis court must decide tbe title, for equitable titles belong peculiarly to tbis court, and tbe parties cannot be sent to law. Tbe complainant does not deny tbe authority of tbe court to order tbe sale, or tbe right of tbe administrator to make sale and convey tbe land under tbe order; but be alleges that tbe deed is fraudulent, and cannot prevail against bis legal title. There can be no doubt that tbe heir at law may file bis bill in tbis court to set aside an administrator’s deed under such circumstances. Tbis is tbe proper tribunal for such an investigation. There certainly can be no objection, then, to tbe court’s trying tbe question of fraud, because it is involved in a suit tbe object of wbicb is partition. If it is a question of title wbicb tbis court may try, it can determine it as well in tbis suit as in any other. It is not tbe fact, that tbe question of title arises in a suit for partition merely, that deprives tbe court of jurisdiction. Tbe question is, is it a legal title, wbicb exclusively belongs to a legal tribunal ?
How does tbe complainant’s case then stand affected by tbe administrator’s deed ? Tbe bill alleges that tbe order of tbe Orphans Court was procured by fraud; that it was procured upon a false representation made by tbe administrator as to tbe decedent’s debts. If it was j>roper for tbe court to inquire into tbe fraud as to tbe order between these parties, tbe evidence is not satisfactory to sustain tbe charge of fraud in tbis respect. It is insisted, also, that tbe sale was fraudulent, and that tbe deed is void, not simply on tbe ground that tbe administrator was seller and buyer, but because, through tbe management of tbe administrator, tbe property sold at a price *103 much below its value. There was much testimony taken on this point. There was no evidence as to what took place at the sale, or as to how it was conducted. There is evidence to excite a strong suspicion that the administrator did not act bona fide in conducting the sale; but a very large portion of the testimony was wholly illegal; and laying out of view this evidence, the proof is not satisfactory as to any positive fraud on the part of the administrator.
Was he the real purchaser at the sale ? The property was struck off to David Smith, for the sum of $500. The fact, that he was a man of no means, and that on the same day the administrator conveyed the property to Smith, he reconveyed it to Peter G-. Obert, who was the administrator, is sufficient proof, without any explanation of the transaction, that the purchase was made through Smith for the benefit of Obert. There is other evidence to corroborate this.' That deed cannot stand, then, against the title of the complainant. But the deed is not absolutely null and void. It is a matter of right, however, in th* complainant, and not of discretion in the court, to have the deed removed out of his way, and set aside. I will not refer to the authorities on this point, as I have had occasion lately to refer to and examine them in the case of Scott v. Gamble and wife, 1 Stock. 235. They were, also, lately examined by tire Court of Errors and Appeals, in the case of Mulford v. Bowen and others, 1 Stock. 797, and the principle was fully sustained by that court. In setting aside such a deed, this court will do it on equitable terms. There is no difficulty in adjusting the equities, if any exist, in a case like this. In the case of Michoud et al. v. Harris et al., 4 How. 563, it was part of the directions to the master, where a similar deed was set aside, to make partition of the lands, if necessary for the purpose of settling the equitable rights of the parties.
The consideration money paid by Peter G. Obert was $500. This money was appropriated to pay off the debts *104 of the estate which were liens upon the land. It is equitable, therefore, that the land should pay this amount.
But Peter G-. Obert has no interest in this partition. The title under the administrator’s deed is now in William Simpson, and the equities are to be adjusted with him. It is insisted that the conveyance to him was fraudulent, and made to defeat the creditors of Peter Q-. Obert, and that he purchased with full knowledge of the defendants’ title and of the defect in the title of Peter G-. Obert. These questions are not in issue by the pleadings. The bill merely alleges that William Simpson claims, or did claim, some portion of, or interest in the premises, and “ leaves him to make out by proof to the satisfaction of the court, in the mode that may be designated therefor, in case the same becomes necessary.” Simpson discovers his title by his answer, and affirms that he is a bona fide purchaser for a valuable consideration without notice. If the complainant desired to impeach his title for fraud, he should have made the proper allegations by his bill; or, after his title was discovered, should have amended his bill for that purpose. The bona fides of Simpson’s title is not put in issue. He was not bound to rebut any evidence upon a question not in issue by the pleadings. What equitable claim, then, can he make upon the land before a partition is decreed ? He does not state in his answer what consideration he paid for the land, nor does the evidence show he paid anything, except the payment he made to the sheriff, which I shall notice. I think the evidence is satisfactory that he did not pay anything to Peter G-. Obert. Although the conveyance to him was a voluntary conveyance, it is good as between the parties to it. But if the complainant’s title, which he obtained through Peter G-. Obert, cost him nothing, he can claim nothing for its redemption. He did, however, make a payment on the land. Peter G-. Obert mortgaged the premises for $500. This mortgage was foreclosed, and Simpson purchased in the property at the *105 sheriff’s sale. Thus Peter G. Obert raised out of the laud the money to indemnify him for the payment he had made of the debts of the intestate. “William Simpson, having paid this mortgage debt, it is equitable he should be indemnified. But he must account for the rents and profits of the premises during the time he has occupied them.
It remains to decide between whom this partition is to be made. The complainant is entitled to six-twentieths. As to one-twentieth, he is to receive it without any abatement, is entitled to one-twentieth of the rents and profits, to be charged to Simpson. Of this part he is in possession under a judgment at law. The administrator’s deed, as to that portion, having been set aside by a court of law, this court is not called upon to remove the deed out of the complainant’s way to entitle him to a partition as to this one-twentieth. Of course the court can impose no terms upon him as to that. Upon the other portions of his interest, it is right that equitable terms should be imposed, because, in order to grant the partition, the court is called upon, in the exercise of its equitable powers, to remove a deed which is an obstacle in the way of granting the object of the bill.
There are other defendants in this suit, Peter G. Obert, George Obert, Samuel Magie and Nancy his wife, and Stephen Verity and Susan Ms wife. Peter G. Obert disclaims all interest in the partition; whatever interest he had has been conveyed to William Simpson. George Obert is one of the heirs at law of George Obert, deceased, under whom all parties claim. He has no interest in the partition, unless the administrator’s deed is removed out of Ms way. That deed is not a nullity and absolutely void. George Obert may avoid it, but until he does so the deed is valid, and conveys the interest it purports. A stranger cannot avoid the deed. The complainant may avoid it as it affects him, but he cannot interfere with it as between other parties. Nor, because the deed is avoided and set aside as to six-twentieths, does it follow that the *106 decree which, affects that, interferes in any way as to the relative rights of other parties under the deed as to the remaining fourteen-twentieths. George Obert has never avoided the administrator’s deed. He has not appeared in this suit, and asks no aid of the court on his behalf. The court will not volunteer in this matter. It may be that George Obert is willing to have the deed stand. He may consider it his pecuniary interest not to interfere with the deed, and be unwilling to submit to the equitable terms imposed by the court in decreeing its avoidance, or other considerations may influence him. He may be unwilling to interfere with his brother in a matter which he may consider merely technical in its character. As between George Obert and William Simpson, Simpson’s title must stand. Samuel Magie and Haney his wife, the bill alleges, are entitled to one-twentieth through Haney, as one of the children and heirs at law of George Obert, deceased; and Stephen Verity and Susan his wife claim one-twentieth through Susan, as one of the children and heirs at law. These interests stand precisely on a footing with that of George Obert’s. The administrator’s deed has never been interfered with, and the parties do not now ask the interference of the court.
There is no one, then, interested in the partition, except the complainant and William Simpson. As to the other parties, the bill must be dismissed.
William Simpson sets up in his answer, as a bar to the complainant’s title, the statute of limitations. As to two-twentieths, the statute can have no application, on account of the nonage of the parties. As to the other one-fifth, or four-twentieths, Haney, under whom the complainant holds, was of age at the time of the administrator’s deed. But I do not think the statute should be applied. Although courts of equity generally adopt the statute of limitations, yet within what time a constructive fraud will be barred, must depend upon the circumstances of the case, and these are examinable. Michoud et al. v. Girod et al., 4 How. 503.
*107 There is some difficulty, as to the boundaries of the land, which must be settled by the master. There must he a reference for this purpose, and for an account, directing the master to allow "William Simpson the sum of four hundred and ninety-five dollars, with interest from the time of its payment to the sheriff, and charging five-twentieths of the six-twentieths owned by the complainant with their proportional part, and charging William Simpson with the rents and profits during the time of his possession of nineteen-twentieths, and crediting five-twentieths of complainant’s interest with its proportion. Simpson claims nothing for improvements. Upon coming in of the master’s report, the court will settle the terms upon which the decree will he made.